J-S47029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE DALIE | : | |
| | : | |
| Appellant | : | No. 2216 EDA 2024 |

Appeal from the PCRA Order Entered August 7, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004044-2006

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED MARCH 13, 2025**

George Dalie appeals *pro se* from the order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows: On July 19, 2006, Dalie was involved in a fight with a fellow inmate at the Chester County Prison. At the conclusion of a two-day trial on May 23, 2007, a jury convicted Dalie of aggravated assault, assault by a prisoner, and related charges. On August 20, 2007, the trial court imposed an aggregate sentence of 9 to 18 years of imprisonment.

Dalie appealed. After an extended delay involving several appointments of new appellate counsel for Dalie, counsel filed a brief on Dalie's behalf on September 10, 2010. In a judgment order filed on October 1, 2010, this Court

determined that Dalie's brief was untimely and dismissed his appeal. ***Commonwealth v. Dalie***, 15 A.3d 513 (Pa. Super. 2010). On May 12, 2011, our Supreme Court denied Dalie's petition for allowance of appeal. ***Commonwealth v. Dalie***, 21 A.3d 1190 (Pa. 2011).

More than two years later, on May 23, 2013, Dalie filed his first *pro se* PCRA petition, and the PCRA court appointed counsel. Counsel filed an amended petition on August 26, 2013, and requested a hearing on appellate counsel's ineffectiveness for failing to file a brief on direct appeal and failing to notify Dalie of our Supreme Court's denial of his *allocatur* petition. Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss without a hearing. By order entered on April 15, 2014, the PCRA court dismissed Dalie's petition as untimely filed.

Dalie appealed. On October 15, 2014, we agreed that Dalie's petition was untimely and that Dalie failed to plead and prove at time-bar exception. We therefore affirmed the PCRA court's order denying Dalie post-conviction relief, and our Supreme Court denied his petition for allowance of appeal on May 1, 2015. ***Commonwealth v. Dalie***, 108 A.3d 114 (Pa. Super. 2014) (non-precedential decision), *appeal denied*, 114 A.3d 415 (Pa. 2015).

In 2017, Dalie filed two more unsuccessful petitions for post-conviction relief. On February 14, 2024, Dalie filed the *pro se* PCRA petition at issue, which Dalie characterized as his sixth. The PCRA court appointed counsel. After being granted an extension, PCRA counsel filed a motion to withdraw

and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 24, 2024, the PCRA issued a Rule 907 notice of its intent to dismiss without a hearing because it was untimely filed and Dalie failed to establish a timeliness exception. The court also granted PCRA counsel's motion to withdraw. Dalie filed a response. By order entered August 7, 2024, the PCRA court denied Dalie's petition. This appeal followed. Both Dalie and the PCRA court have complied with Pa.R.A.P. 1925.

Dalie raises the following issue:

> Whether [Dalie] was deprived of his due process rights to a fair trial under the United States and Pennsylvania Constitutions by means of prosecutorial misconduct i.e. withholding **Brady** material regarding [a] Chester County Prison Incident Report?

Dalie's Brief at 3.[1]

Before addressing this substantive issue, we must first determine whether the PCRA court correctly concluded that Dalie's petition was untimely and that Dalie failed to establish at time-bar exception.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

_____

[1] **See Brady v. Maryland**, 373 U.S. 83 (1963).

The three narrow statutory exceptions to the one-year time bar are as follows:  "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."  *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal.  *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).  Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Dalie's judgment of sentence became final on August 10, 2011, ninety days after the time for filing a writ of *certiorari* to the United States Supreme Court expired.  *See* 42 Pa.C.S.A. § 9545(b)(3).  Therefore, Dalie had until August 9, 2012, to file a timely petition.  Because Dalie filed the petition at issue over ten years later, it is patently untimely unless he has

satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Dalie has failed to plead and prove an exception to the PCRA's time bar. In his PCRA petition, Dalie essentially asserted that he could meet the newly-discovered facts exception. 42 Pa.C.S.A. § 9545(b)(1)(ii).

This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, the PCRA court concluded that the incident report at issue "could have been discovered [earlier] through the exercise of due diligence." PCRA Court Opinion, 10/1/24, at 3. We agree.

Due diligence requires criminal defendants to take reasonable steps to advance their own interests. *Commonwealth v. Robinson*, 185 A.3d 1055, 1063 (Pa. Super. 2018). As noted by PCRA counsel in his *Turner*/*Finley* letter, Dalie's trial counsel "could [have] very easily subpoenaed the Prison for any internal documents related to the incident." *Turner/Finley* Letter,

6/17/24, at 2. While trial counsel may have been ineffective for failing to do so, any alleged ineffectiveness by defense counsel cannot establish a timeliness exception. *See* 42 Pa.C.S.A. § 9545(b)(4) (providing for purposes of the PCRA "'government officials' shall not include defense counsel, whether appointed or retained").

Dalie's claims to the contrary are unavailing. He first asserts that the confidential incident report is from the Chester County Prison Security Department and not in the "public domain." Dalie's Brief at 10. He then continues to argue that, even, if it was, "the public records presumption" no longer applies to a due diligence analysis. *Id.* at 11 (citing *Commonwealth v. Burton*, 158 A.3d 618 Pa. 2017). Nonetheless, trial counsel could have sought this report prior to trial.

Additionally, Dalie cites *Dennis v. Sec'y, Pennsylvania Dept. of Corr.*, 834 F.3d 263 (3rd Cir. 2016) (*en banc*), for the proposition that "the concept of due diligence plays no role in the *Brady* analysis." *Id.* As the Pennsylvania Supreme Court has noted, however, Pennsylvania appellate courts are "bound by decisions of the U.S. Supreme Court, not the opinions of the inferior federal courts." *Commonwealth v. Natividad*, 200 A.3d 11, 36 n.18 (Pa. 2019) (citation omitted). Thus, we are not bound to follow the *Dennis* decision.

In sum, because Dalie's serial petition was untimely, both this Court and the PCRA court lacked jurisdiction to consider its merits. **Derrickson**, **supra**. We therefore affirm the PCRA court's order dismissing Dalie's 2024 petition.[2]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2025

---

[2] Even if Dalie's claim was timely, we would find it to be meritless. We would agree with the PCRA court's conclusion that no **Brady** violation occurred because the incident report contained no exculpatory evidence; it concerned "actions taken by a correctional officer **after** a fight between inmates, contained [no] evidence of [Dalie's] innocence," and "[did] not indicate that the victim inmate was injured by the correctional officer, nor who committed the assault." PCRA Court Opinion, 10/1/24, at 4.